UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON K.,

   Plaintiff,

 v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

   Defendant.

CASE NO. 3:18-CV-05291-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

  Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

  After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider medical opinion evidence from Dr. John A. Friedline, M.D. Had the ALJ properly Dr. Friedline's opinion, the ALJ's findings at Step Two and Step

Three may have changed, and the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security for Operations ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On February 6, 2014, Plaintiff filed applications for SSI and DIB, alleging disability as of July 19, 2013. *See* Dkt. 8, Administrative Record ("AR") 20. The application was denied upon initial administrative review and on reconsideration. *See* AR 20. ALJ Tom L. Morris held a hearing on August 23, 2016. AR 39-69. At the hearing, Plaintiff amended his disability application to a closed period of disability from July 1, 2013 through December 16, 2014. *See* AR 20; *see also* AR 45. In a decision dated November 10, 2016, the ALJ determined Plaintiff to be not disabled. AR 17-38. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) properly consider all of his impairments at Steps Two and Three of the sequential evaluation process; (2) provide legally sufficient reasons to reject medical opinion evidence from Dr. Friedline and Dr. Carla van Dam, Ph.D.; (3) state specific, clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony; and (4) meet the ALJ's burden at Step Five. Dkt. 10, pp. 1-17. Plaintiff requests an award of benefits due to these alleged errors. *Id.* at 17.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

I. **Whether the ALJ properly considered all of Plaintiff's severe impairments at Step Two of the sequential evaluation process.**

Plaintiff argues the ALJ failed to properly evaluate all of Plaintiff's impairments at Step Two of the sequential evaluation process. Dkt. 10, pp. 7-9.

Step Two of the Administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a) (effective through March 26. 2017).[1] "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (quoting 20 C.F.R. § 140.1521(b)). An impairment or combination of impairments "can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting Social Security Ruling ("SSR") 85-28)).

---

[1] The Court "applies the law in effect at the time of the ALJ's decision." *Rose v. Berryhill*, 256 F.Supp.3d 1079, 1083 n.3 (C.D. Cal. 2017) (citations omitted).

In this case, at Step Two, the ALJ determined Plaintiff "has the following severe impairments: degenerative disc disease, reconstructive surgery of a weight bearing joint, obesity, affective disorder, and personality disorder[.]" AR 23. The ALJ also determined Plaintiff's hypertension was a "nonsevere impairment" at Step Two. AR 23. The ALJ did not discuss any other impairment at Step Two. *See* AR 23.

Plaintiff maintains the ALJ erred at Step Two by failing to find the following twelve conditions were severe impairments: hypertension, cardiac hypertrophy, pulmonary hypertension, bronchitis, bilateral calcific insertional Achilles tendonitis, testosterone deficiency, moderate left knee joint effusion, Baker's cyst of bilateral knees, fibromyalgia, polyarthritis, history of kidney failure, and anxiety. Dkt. 10, pp. 7-8. To support his assertion that these impairments were severe during the relevant period, Plaintiff points to evidence in the record showing Plaintiff was diagnosed with these conditions and suffered from related symptoms, such as shortness of breath, nausea, fatigue, joint pain and swelling, and panic attacks. *Id.* at 8. Plaintiff contends that, in light of this evidence, these impairments "significantly limited his ability to perform basic work activities during the relevant time frame[.]" *Id.*

While this evidence shows Plaintiff generally suffered from symptoms related to these conditions, Plaintiff failed to explain how this evidence shows he is more limited in his ability to perform basic work activities than the ALJ provided in the RFC. *See* 20 C.F.R. §§ 404.1521, 416.921 (an impairment is "not severe if it does not significant limit your . . . ability to do basic work activities," such as "walking, standing, [or] standing"). Therefore, Plaintiff failed to show any harmful error at Step Two with respect to these twelve conditions. *See Shinseki v. Sanders*, 556 U.S. 396, 410 (2009) (the claimant has the burden of demonstrating harmful errors in the ALJ's decision); *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001) (the claimant

"has the burden of proving that these impairments or their symptoms affect his ability to perform basic work activities"); *Morrison v. Berryhill*, 2017 WL 3267694, at *5 (W.D. Wash. Aug. 1, 2017) (finding the claimant failed to show the ALJ erred at Step Two because he did not explain how the allegedly severe impairment "separately affected his ability to perform basic work activities").

## II. Whether the ALJ properly assessed the medical opinion evidence.

Plaintiff contends the ALJ erred by failing to properly consider medical opinion evidence from Drs. Friedline and van Dam. Dkt. 10, pp. 3-7.

In assessing acceptable medical sources, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. <u>Dr. Friedline</u>

Plaintiff argues the ALJ failed to provide any legally sufficient reason to reject medical opinion evidence from Dr. Friedline.[2]

1. *The ALJ's Treatment of Dr. Friedline's Opinion*

Dr. Friedline is one of Plaintiff's treating physicians. *See, e.g.*, AR 333-34, 528-49 (treatment notes). On November 19, 2013, Dr. Friedline completed a Physical Functional Evaluation form regarding Plaintiff's conditions and associated limitations in basic work activities. AR 329-31. Dr. Friedline wrote that Plaintiff had completed the following diagnostic tests: an MRI in 2006, "show[ing] herniated lumbar disc"; x-rays, "show[ing] calcific insertional Achilles tendonitis"; and an echocardiogram, "show[ing] thickening of left ventricle." AR 330. Dr. Friedline determined Plaintiff should not be exposed to chemical sensitivity, and "does not normally work at heights above 15 feet." AR 330. Further, Dr. Friedline opined Plaintiff had the following diagnoses and associated limitations in work activities:

- Achilles tendonitis, causing severe limitations in Plaintiff's ability to stand, walk, carry, push, and pull;

- Cardiac hypertrophy, causing marked limitations in Plaintiff's ability to walk, carry, and handle;

- Testosterone deficiency, causing moderate limitations in Plaintiff's ability to walk, lift, carry, push, and pull;

- Hypertension, causing moderate limitations in Plaintiff's ability to stand and walk; and

- Low back pain/herniated disc, causing marked limitations in Plaintiff's ability to stand, walk, lift, carry, push, pull, stoop, and crouch.

---

[2] Plaintiff contends the ALJ was required to provide "clear and convincing" reasons to discount Dr. Friedline's opinion. Dkt. 10, p. 5. However, because the ALJ's reasons fail to meet the "specific and legitimate" standard for the reasons discussed herein, the Court applies this lesser standard to the ALJ's assessment of Dr. Friedline's opinion.

AR 330.

Dr. Friedline concluded Plaintiff was "[s]everely limited" in his ability to perform work in a regular, predictable manner, indicating Dr. Friedline found Plaintiff "[u]nable to meet the demands of sedentary work." AR 331. With respect to Dr. Friedline's opinion, the ALJ wrote:

> In 2013, Dr. Friedline opined that the claimant's [sic] is currently and totally disabled due to bilateral Achilles tendonitis. Additionally, he opined that the claimant is unable to meet the demands of sedentary work. The undersigned gives this opinion little weight. (1) Dr. Friedline rendered his opinion prior to the claimant's February 2014 ankle surgery. (2) Further, his opinion is inconsistent with examinations where the claimant was found to have normal muscle strength and tone bilaterally. (3) His opinion that the claimant cannot perform even sedentary work is inconsistent with the claimant's activities of daily living which included taking care of his hygiene and grooming without assistance, performing some cooking, doing laundry, washing dishes, vacuuming, driving locally, grocery shopping, and using the computer. Accordingly, the undersigned gives this opinion little weight.

AR 31 (internal citations omitted) (numbering added).

First, the ALJ gave Dr. Friedline's opinion little weight because Dr. Friedline rendered his opinion prior to Plaintiff's ankle surgery. AR 31. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Regardless, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it . . . or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted).

Here, the ALJ failed to explain how the fact that Dr. Friedline rendered his opinion prior to Plaintiff's ankle surgery invalidated his opinion. *See* AR 31. Further, Plaintiff seeks disability benefits for a closed period – July 1, 2013 to December 16, 2014 – which encompasses Dr. Friedline's November 2013 opinion. *See* AR 20, 45, 329-31. Thus, even though Dr. Friedline rendered his opinion prior to Plaintiff's ankle surgery, his opinion is relevant for at least part of the applicable period. Accordingly, the ALJ's first reason for rejecting Dr. Friedline's opinion was not specific and legitimate nor supported by substantial evidence in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence").

Second, the ALJ discounted Dr. Friedline's opinion because he found it inconsistent with examinations showing "normal muscle strength and tone bilaterally." AR 31. To support his assertion, the ALJ provided a string citation to several records containing physical examinations of Plaintiff. *See* AR 31. But as previously stated, an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *Garrison*, 759 F.3d at 1012-13; *Embrey*, 849 F.2d at 421-22. In this instance, the ALJ failed to offer any rationale as to how Dr. Friedline's findings contradicted these examinations. *See* AR 31. Given the ALJ's lack of explanation, this was not a specific, legitimate reason to reject Dr. Friedline's opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Moreover, the ALJ's conclusory reasoning overlooked abnormal findings contained in these examinations. For example, the records cited by the ALJ show Plaintiff consistently exhibited the following: "back pain, joint pain, joint swelling, muscle spasm, or cramp"; "difficulty with balance or gait, numbness, tingling and burning"; as well as tenderness with extension and flexion in the lumbar spine, reduced range of motion, and "tenderness with range of motion in bilateral ankles." *See* AR 410 413, 416, 419, 422, 425, 488, 491, 494, 497, 511, 514, 517, 520. Hence, given the multiple abnormal results in these examinations, the fact that Plaintiff exhibited some "normal muscle strength and tone bilaterally" does not necessarily contradict Dr. Friedline's opinion. *See Bayliss*, 427 F.3d at 1214 n.1 (an ALJ's decision must be supported by substantial evidence in the record).; *see also Reddick*, 157 F.3d at 722-23 (an ALJ must not "cherry-pick" certain observations without considering their context).

Third, the ALJ gave Dr. Friedline's opinion little weight because he found it inconsistent with Plaintiff's daily activities. AR 31. An ALJ may reject a physician's opinion if it is inconsistent with the claimant's daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet here, the ALJ again provided conclusory reasoning, as he failed to explain how any of the cited activities contradicted Dr. Friedline's opinion. *See* AR 31. As such, this was not a specific, legitimate reason to discount Dr. Friedline's opinion. *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Furthermore, in describing Plaintiff's daily activities, the ALJ cited a record in which Plaintiff reported his activities in a psychological evaluation. *See* AR 31 (citing AR 501). However, the references to these activities are vague, and do not indicate how long Plaintiff

performed these activities, or show these activities are necessarily inconsistent with Dr. Friedline's opinion. *See* AR 501; *Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522, 523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week."). The ALJ's reasoning also contradicts the general rule that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722 (citations omitted). Therefore, the ALJ's third reason for rejecting Dr. Friedline's opinion was not supported by substantial evidence because the cited report is not necessarily inconsistent with Dr. Friedline's opinion.

The ALJ failed to provide any specific and legitimate reason, supported by substantial evidence, for giving Dr. Friedline's opinion little weight. Accordingly, the ALJ erred.

2. *Harmless Error and Instructions to the ALJ*

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v.*, 556 U.S. at 407 (quoting 28 U.S.C. § 2111)).

In this case, had the ALJ properly considered Dr. Friedline's opinion, the ALJ's findings at Step Two of the sequential evaluation process may have changed. For example, Dr. Friedline's opinion contained diagnoses of Achilles tendontitis, cardiac hypertrophy, testosterone deficiency,

hypertension, and low back pain/herniated disc, as well as workplace limitations associated with these diagnoses. AR 330. Dr. Friedline's treatment notes contain other diagnoses which may be relevant at Step Two. *See, e.g.*, AR 468, 531-32, 535 (Baker's cyst of right knee); AR 532 (polyarthgias); AR 527 (anxiety disorder). Hence, proper consideration of Dr. Friedline's opinion may change the Step Two analysis.

Furthermore, the ALJ's findings at Step Three may have changed with proper consideration of Dr. Friedline's opinion and his related treatment notes. In particular, Plaintiff contends the ALJ erred at Step Three with respect to Listings 1.02 and 1.03. Dkt. 10, pp. 9-10. Both Listings 1.02(A) and 1.03 require evidence of an "inability to ambulate effectively," which the listings define as "an extreme limitation of the ability to walk." 20 C.F.R., Part 404, Subpt. P, App. 1, §§ 1.00(B)(2)(b), 1.02, 1.03 (effective Oct. 7, 2016 to Jan. 16, 2017). While the ALJ found "[t]here is no mention in the medical record that the claimant cannot ambulate effectively," the parties contest this issue. AR 24; Dkt. 10, p. 10; Dkt. 11, p. 6. Notably, in Dr. Friedline's opinion, Dr. Friedline found Plaintiff severely limited in his ability to walk due to Achilles tendonitis. AR 330. Dr. Friedline likewise recorded in a treatment note from November 19, 2013 that Plaintiff's "Achilles tendonitis is so severe that it stops [Plaintiff] from being to ambulate about 100 feet." AR 333. Thus, had the ALJ properly considered Dr. Friedline's opinion and related treatment notes, the ALJ's analysis may have reconciled the alleged Step Three errors.

Moreover, with proper consideration of Dr. Friedline's opinion, the RFC and the hypothetical questions posed to the vocational expert ("VE") may have included additional limitations. For example, the RFC and hypothetical questions may have reflected Dr. Friedline's opinion about Plaintiff's marked to severe limitations in walking, carrying, pushing, and pulling.

AR 330. The RFC and hypothetical questions may have also provided Plaintiff was unable to meet the demands of sedentary work. AR 331. The RFC and hypothetical questions posed to the VE did not contain these limitations. *See* AR 26, 63-69. As the ultimate disability decision may have changed with proper consideration of Dr. Friedline's opinion, the ALJ's error is not harmless and requires reversal. *See Molina*, 674 F.3d at 1115.

Because proper consideration of Dr. Friedline's opinion may impact multiple aspects of the ALJ's decision, the Court directs the ALJ to re-evaluate all steps of the sequential evaluation process on remand, including Step Two and Step Three.

    B. <u>Dr. van Dam</u>

Plaintiff additionally claims the ALJ failed to properly consider the medical opinion evidence from Dr. van Dam. Dkt. 10, p. 7.

Dr. van Dam reviewed medical records and rendered an opinion about Plaintiff's "mental residual functional capacity" on September 23, 2014.[3] *See* AR 100-08, 111-12; *see also* AR 117-24, 128-29. Dr. van Dam found Plaintiff limited in several areas of basic work activities, including moderate limitations in the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and the ability to accept instructions and respond appropriately to criticism from supervisors. AR 111-12.

The ALJ gave Dr. van Dam's opinion "great weight." AR 30-31. Plaintiff argues, however, the moderate limitations "allegedly accepted by the ALJ" should have supported a

---

[3] Dr. van Dam's opinion appears twice in the administrative record – once for Plaintiff's SSI claim and once for Plaintiff's DIB claim. *Compare* AR 100-08, 111-12 *with* AR 117-24, 128-29. As such, the Court cites Dr. van Dam's opinion the first time it appears in the administrative record.

finding of disabled. Dkt. 10, p. 7. In other words, Plaintiff appears to argue the ALJ did not properly account for all of the limitations in Dr. van Dam's opinion. *See id.*

The ALJ "need not discuss all evidence presented." *Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571. Yet as previously explained, an ALJ's error is harmless if it "did not alter the ALJ's decision." *Molina*, 674 F.3d at 1115.

In this case, Plaintiff cites the Program Operations Manual System (POMS) to argue Dr. van Dam's opinion should have supported a finding of disabled. Dkt. 10, p. 7. But while the POMS – an internal agency manual – is "entitled to respect," it "does not impose judicially enforceable duties on either this court or the ALJ." *Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (citations and internal quotation marks omitted). Furthermore, Plaintiff fails to specifically explain how the RFC should have contained additional limitations in light of the "great weight" assigned to this opinion. *See* Dkt. 10, p. 7.

In any event, the Court has determined remand is inevitable and has instructed the ALJ to re-evaluate this entire matter on remand. Therefore, the Court further directs the ALJ to explain his treatment of Dr. van Dam's opinion on remand. Specifically, if the ALJ intends to accept Dr. van Dam's opinion on remand, he is directed to explain how he accounts for Dr. van Dam's opined limitations in the RFC. *See Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) ("when the ALJ ignores significant and probative evidence," the RFC is incomplete).

### III. Whether the ALJ properly considered Plaintiff's subjective symptom testimony.

Plaintiff also asserts the ALJ failed to provide any specific, clear and convincing reason to reject Plaintiff's subjective symptom testimony. Dkt. 10, pp. 10-15.

Because Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court declines to consider whether the ALJ erred with respect to Plaintiff's testimony. Instead, the Court directs the ALJ to reweigh Plaintiff's subjective symptom testimony as necessary on remand.

Nevertheless, the Court notes the ALJ's assessment of Plaintiff's subjective symptom testimony erroneously used conclusory reasoning. For example, the ALJ rejected Plaintiff's subjective symptom testimony in part because he found it inconsistent with Plaintiff's "wide range of daily activities[.]" AR 29-30. The ALJ failed to explain, however, how the cited activities contradicted particular parts of Plaintiff's subjective symptom testimony. *See* AR 29-30. Therefore, on remand, if the ALJ intends to reject Plaintiff's testimony, he is directed to provide specific, non-conclusory reasons for doing so. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (emphasis in original) (holding an ALJ errs when he fails to explain "*which* daily activities conflicted with *which* part of [the claimant's] testimony"); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (citation omitted) ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error.").

### IV. Whether the ALJ's Step Five findings are supported by substantial evidence.

Plaintiff further argues the ALJ failed to meet his burden at Step Five of the sequential evaluation process. Dkt. 10, pp. 15-16.

The Court has found the ALJ committed harmful error and has directed the ALJ to reassess this entire matter on remand. *See* Section II., *supra*. Therefore, the ALJ is directed to reassess the RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is also directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two doctors' findings).

**V.     Whether an award of benefits is warranted.**

Lastly, Plaintiff contends that as a result of the ALJ's errors, an award of benefits is warranted. Dkt. 10, p. 17.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined the ALJ committed harmful error and has directed the ALJ to re-evaluate this entire matter on remand. Because outstanding issues remain regarding Plaintiff's severe impairments, the medical evidence, Plaintiff's RFC, and his ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 12th day of October, 2018.

David W. Christel
United States Magistrate Judge